UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:21-CV-00011-FDW-DSC

| MELVIN LYNCH, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) |
| | ) ORDER |
| BRYAN M. WIGGINS, in his Individual Capacity as an Officer of the Charlotte-Mecklenburg Police Department, | ) |
| Defendant. | ) |

THIS MATTER is before the Court on Bryan M. Wiggins's ("Defendant") Motion to Dismiss, (Doc. No. 6), for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The motion has been fully briefed by the parties and is now ripe for review. For the reasons stated herein, Defendant's Motion to Dismiss is GRANTED.

## I. BACKGROUND

Melvin Lynch ("Plaintiff") filed the above-captioned matter in the General Court of Justice, District Court Division, of Mecklenburg County on December 4, 2020, against Defendant for false imprisonment under North Carolina common law and for violation of Plaintiff's Fourth Amendment rights against unreasonable seizure of Plaintiff's person and property. (Doc. No. 1-1, p. 1). Defendant timely filed a notice of removal and notice of appearance on January 7, 2021. (Doc. No. 1, 2).

The following background represents the relevant allegations set out in the Complaint. (Doc. No. 1-1). Plaintiff's claims arise from a traffic stop, which occurred on December 7, 2017. Plaintiff alleges on that date, at approximately 3:36 p.m., Defendant conducted a traffic stop of

Plaintiff's vehicle on Tuskaseegee Road. (Doc. No. 1-1, p. 2). During the stop, Defendant allegedly asked Plaintiff for consent to search the vehicle and when Plaintiff refused, Defendant conducted a visual inspection of the interior of the vehicle using a flashlight. (Id.). Plaintiff provided his driver's license and the vehicle's registration upon request. (Id.).

Plaintiff further alleges that, while he was detained, at least three other officers arrived. (Id.). He was then asked to exit his vehicle, and he complied. (Id.). Defendant asked "[y]ou know this area. I know this area, right?" (Id. at 3). Plaintiff interrupted, responding that his family lived in the area. (Id.). Defendant then threatened Plaintiff with being handcuffed and arrested if Plaintiff cut him off before explaining:

> I know this area, and you know this area. I stopped you for a drug investigation because of the way you parked your car, how long you parked it, and based on people coming up to your car for about 60 seconds. I stopped you based off that.

(Id.). Finally, Defendant asked Plaintiff for consent to search Plaintiff's vehicle a second time, and when Plaintiff refused, Defendant warned Plaintiff not to "park on Effingham for an extended period of time and have people come back and forth . . . ." (Id.).[1] The remaining factual allegations within the Complaint are either conclusory or not relevant to the issues at bar.

In response to the Complaint, Defendant filed the current Motion to Dismiss for failure to state a claim on March 31, 2021, (Doc. No. 6) and attached a Memorandum of Law in Support of the Motion (Doc. No. 6-1). Plaintiff filed a responsive Memorandum of Law in Opposition, (Doc. No. 7), on April 12, 2021, and Defendant filed a final reply, (Doc. No. 8), on April 20, 2021.

---

[1] The Complaint does not indicate how or when the traffic stop was completed or when Plaintiff left. The last allegation detailing the events in question concerned Defendant's warning to Plaintiff above.

## II. STANDARD OF REVIEW

A motion to dismiss pursuant to Rule 12(b)(6) tests the "legal sufficiency of the complaint" but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992); Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. Partnership, 213 F.3d 175, 180 (4th Cir. 2000). A complaint attacked by a Rule 12(b)(6) motion to dismiss will survive if it contains "enough facts to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 697 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. The Supreme Court has also held "when ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (quoting Twombly, 550 U.S. at 555-56) (internal citations omitted). Conclusory allegations, however, are "not entitled to be assumed true." Iqbal, 556 U.S. at 681. While a high level of factual detail is not required, a complaint needs more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 678 (citing Twombly, 550 U.S. at 555).

## III. ANALYSIS

Plaintiff alleges two causes of action against Defendant: (1) false arrest and imprisonment of Plaintiff under North Carolina common law and (2) a § 1983 claim for violation of Plaintiff's Fourth Amendment constitutional rights to freedom from unreasonable searches and seizures. (Doc. No. 1-1, p. 1). The Court addresses each claim in turn.

### A. False Arrest and Illegal Imprisonment

#### 1. False Arrest

In response to Plaintiff's first claim for false arrest and imprisonment, Defendant argues dismissal is proper because Plaintiff was neither arrested nor imprisoned. Defendant asserts that if Plaintiff was not arrested, Plaintiff's claim lacks an essential element of the cause of action and should be dismissed.

Under North Carolina law, "false imprisonment is the illegal restraint of a person against his will," and "[a] restraint is illegal if not lawful or consented to." Marlowe v. Piner, 458 S.E.2d 220, 223 (N.C. Ct. App. 1995) (citations omitted). One means of establishing unlawfulness is by showing that a warrantless arrest was made without probable cause. Id. Thus, the first inquiry here is whether Defendant's actions amounted to an arrest, and if so, whether it lacked probable cause.

The Court is not persuaded the allegations sufficiently show an arrest was made. Plaintiff correctly identifies in his responsive brief that the Supreme Court has found traffic stops represent a seizure. Delaware v. Prouse, 440 U.S. 648, 653 (1979). Not all seizures amount to an arrest however, and the Fourth Circuit has found ordinary traffic stops are more like an investigative detention than a custodial arrest. United States v. Rusher, 966 F.2d 868, 875 (4th Cir. 1992). An investigative detention however, "must be temporary and last no longer than is necessary to effectuate the purpose of the stop" and must employ "the least intrusive means reasonably available to verify or dispel the officer's suspicion." Fla. v. Royer, 460 U.S. 491, 501 (1983). Here, Plaintiff makes no allegations that could lead to a reasonable inference that the stop amounted to more than an investigative detention. Plaintiff neither alleges that Defendant prolonged the stop beyond the scope of the investigation, nor that Defendant physically restrained Plaintiff or employed other means more intrusive than necessary. Finding neither, the Court does not find an arrest occurred.

Where no arrest has taken place, Plaintiff's first claim cannot rely on false arrest as a basis for showing unlawfulness, which is necessary to state a claim for false imprisonment.

## 2. Unlawful Detention

Plaintiff argues that, even if no arrest occurred, the allegations still show Defendant unlawfully restrained Plaintiff because Defendant had no reasonable suspicion of criminal activity.

Reasonable suspicion requires "specific and articulable facts which, taken together with rational inferences from those facts, reasonably warrant [the] intrusion." Terry v. Ohio, 392 U.S. 1, 21 (1968). The Fourth Circuit has further emphasized the need for "a *particularized* and objective basis for suspecting *the particular person stopped* of criminal activity." United States v. Massenburg, 654 F.3d 480, 486 (4th Cir. 2011). Mere presence in a high crime area is not sufficient to raise reasonable suspicion, though an officer may consider it in their decision. United States v. Moore, 817 F.2d 1105, 1107 (4th Cir. 1987).

Defendant asserts a combination of factors led to his reasonable suspicion of potential drug activity in this case including the area Plaintiff was in, the manner and time in which Plaintiff was parked, and the multiple short interactions Plaintiff had with different individuals. In arguing against dismissal, Plaintiff refers to Hyatt v. Miller, where the court found that presence in an area of expected criminal activity and braking upon seeing a patrol car did not rise to the level of particularity necessary to justify an investigative detention. See Hyatt v. Miller, No. 1:19-CV-00250-MR-WCM, 2021 WL 535856 (W.D.N.C. 2021). The Hyatt court found that, because presence in a high crime area alone is insufficient, and the action of braking upon seeing law enforcement is not so particularized as to eliminate a substantial portion of innocent travelers, the officer's explanation could not justify reasonable suspicion. Id. at 8. Here, the Complaint alleges Defendant stopped Plaintiff not only because of his presence in a high crime area, but also because

5

of the way he was parked, the duration for which he was parked, and Plaintiff's interactions with multiple individuals who each approached his vehicle for a short amount of time. (Doc. No. 1-1, p. 3). Such activities are not comparable to braking upon seeing a patrol car and, taken together, would operate to effectively eliminate a substantial portion of innocent travelers.

Plaintiff has failed to provide sufficient factual allegations to show the traffic stop resulted in either an unlawful arrest or unlawful detention. Where this Court finds the allegations, taken as true, fail to show Defendant's actions were unlawful, a necessary element of false imprisonment is lacking. Accordingly, Defendant's Motion to Dismiss Plaintiff's false imprisonment claim is GRANTED.[2]

### B. 42 U.S.C. § 1983

Defendant argues Plaintiff's second claim for violation of Plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983 should be dismissed because Plaintiff's allegations fail to sufficiently show an improper search or seizure took place.

Section 1983 states that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights . . . secured by the Constitution and laws, shall be liable to the party injured." 42 U.S.C. § 1983. It does not provide substantive rights, but is simply a vehicle for enforcing rights arising under federal law. Albright v. Oliver, 510 U.S. 266, 271 (1994).

The Complaint specifically alleges that Defendant subjected Plaintiff to a deprivation of his right to be free from unreasonable seizures under the Fourth Amendment. For the same reasons articulated above, this Court finds that while the allegations show a seizure took place, they do not

---

[2] Given the Court's resolution of Defendant's Motion to Dismiss on this issue for failure to state a claim pursuant to Rule 12(b)(6), it is unnecessary to set forth an analysis of the arguments concerning the question of Public Official Immunity here.

show this seizure was improper, either as an arrest or investigative detention. Furthermore, the only search which Plaintiff alleges took place was Defendant's visual inspection of the interior of Plaintiff's vehicle using a flashlight. It is well established that such activity does not rise to the level of a search as contemplated by the Fourth Amendment. See Texas v. Brown, 460 U.S. 730, 740 (1983) (explaining that the simple act of illuminating the interior of a car does not implicate Fourth Amendment concerns because the occupant does not have a legitimate expectation of privacy).

Where this Court cannot reasonably infer from the allegations that either an improper search or seizure took place, there can be no 1983 claim for violation of Plaintiff's Fourth Amendment rights. Accordingly, on Plaintiff's second claim regarding violation of his constitutional rights, Defendant's Motion to Dismiss is GRANTED.[3]

## IV. CONCLUSION

IT IS THEREFORE ORDERED, for the reasons stated above, Defendant's Motion to Dismiss, (Doc. No. 6), is GRANTED. The Court respectfully directs the Clerk to CLOSE this case.

IT IS SO ORDERED.

Signed: June 8, 2021

Frank D. Whitney
United States District Judge

---

[3] It is likewise unnecessary to set forth an analysis of the arguments concerning Qualified Immunity given this Court's resolution on Defendant's Motion to Dismiss for failure to state a claim pursuant to Rule 12(b)(6).